

FILED
2017 Sep-14 AM 11:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JENNIFER LEIGH HAYNES,** an individual, <br><br> Plaintiff, <br><br> v. <br><br> **JOHN WILLIAM JOHNSON, JR.,** an individual, **HTS EXPRESS, LLC,** a corporation and **JB HUNT TRANSPORT SERVICES, INC.,** a corporation, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **CASE NO:** _____ <br> ) **JURY DEMAND** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

1. Plaintiff Jennifer Leigh Haynes is over nineteen years of age, a resident of Jefferson County, Alabama and a citizen of the State of Alabama (hereinafter "Plaintiff Johnson").

2. Defendant John William Johnson, Jr., (hereinafter referred to as "Defendant Johnson") is over nineteen years of age, a resident of Crawford County, Wisconsin, and a citizen of the State of Wisconsin.

3. Defendant HTS Express, LLC (hereinafter referred to as "Defendant HTS Express") is a Pennsylvania limited liability corporation, incorporated only in the State of Pennsylvania, with its principal place of business also in New Cumberland, Cumberland County, Pennsylvania. Defendant HTS Express is

engaged in interstate transportation and trucking and was the employer of a driver who was operating a commercial vehicle arising out of and in the course of business of Defendant HTS Express. It is Plaintiff's believe that HTS Express consists of only one member, Gary Mead, who resides in Pennsylvania. Therefore, for purposes of diversity of citizenship, Defendant HTS Express is a citizen of Pennsylvania.

4. Defendant JB Hunt Transport Services, Inc. (hereinafter referred to as "Defendant JB Hunt") is an Arkansas corporation, incorporated only in the State of Arkansas, with its principal place of business also in Lowell, Benton County, Arkansas. Defendant JB Hunt is engaged in interstate transportation and trucking and was the employer of a driver who was operating a commercial vehicle arising out of and in the course of business of Defendant JB Hunt.

5. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00 as specified by 28 U.S.C. § 1332.

6. Venue is proper as the wreck occurred in Jefferson County, Alabama, which is located in the Southern Division of the Northern District of Alabama.

## COUNT I – NEGLIGENCE

7. Plaintiff Haynes re-asserts, re-alleges, and incorporates paragraphs 1 through 6 as if set out herein in full.

8. On or about November 16, 2015, Plaintiff Haynes was traveling west on Interstate 20 between Oporto Madrid Boulevard and First Avenue North in Jefferson County, Alabama and driving in the left hand lane. At said time and place, Defendant Johnson who was acting in the line and scope of his duties for his employer Defendant HTS Express and/or Defendant JB Hunt, merged into Plaintiff Haynes' lane of travel striking multiple vehicles, including Plaintiff Haynes' vehicle.

9. At said time and place, Defendant Johnson was operating a tractor-trailer owned by his employer Defendant HTS Express and/or Defendant JB Hunt with the company's consent and knowledge and under the authority given by Defendant HTS Express and/or Defendant JB Hunt.

10. At said time and place, Defendant Johnson was acting in the course and scope of his employment with Defendant HTS Express and/or Defendant JB Hunt and in furtherance of the business of Defendant HTS Express and/or Defendant JB Hunt.

11. Plaintiff Haynes contends that Defendant Johnson had a duty to operate his motor vehicle in a safe manner consistent with the rules of the road of Alabama.

12. Plaintiff Haynes contends that Defendant Johnson breached said duty by failing to operate his motor vehicle in a safe manner and by failing to keep a

proper lookout for other vehicles before changing lanes. At the aforesaid time and place, Defendant Johnson operated the vehicle individually and while in the furtherance of the business of or while on errand or mission for Defendant HTS Express and/or Defendant JB Hunt. Because Defendant Johnson was in the line and scope of his employment with Defendant HTS Express and/or Defendant JB Hunt at the time of the wreck, under *respondeat superior*, Defendant HTS Express and/or Defendant JB Hunt is liable as well.

13.     As a direct and proximate result of Defendant Johnson's negligent conduct, Plaintiff Haynes suffered injuries to her head, neck, shoulders, back, arms, hands, and legs, as well as bruises and contusions about her body. She was also permanently injured, suffered great pain of body and mind, incurred lost wages, property damage, and significant expenses for medical treatment, and will incur future medical expenses.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Haynes demands judgment, in excess of the minimum jurisdictional limits set forth in 28 U.S.C. § 1332, against Defendants, jointly and severally, for compensatory damages in an amount to be determined by a jury plus costs.

## COUNT II - WANTONNESS

14.     Plaintiff Haynes re-asserts, re-alleges and incorporates by reference paragraphs 1 through 13 as if set out herein in full.

15. Plaintiff Haynes maintains that the conduct of Defendant Johnson, individually and while in the furtherance of business of or while on an errand or mission for Defendant HTS Express and/or Defendant JB Hunt, rose to the level of wantonness in that Defendant Johnson acted with a reckless or conscious disregard of the rights and safety of others because he knew or should have known that his conduct would likely cause injuries to Plaintiff Haynes and others.

16. As a direct and proximate result of Defendant Johnson's wanton conduct, Plaintiff Haynes suffered permanent bodily injuries and damages as set forth above.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Haynes demands judgment, in excess of the minimum jurisdictional limits set forth in 28 U.S.C. § 1332, against Defendants, jointly and severally, for punitive damages in an amount to be determined by a jury plus costs.

## COUNT III - NEGLIGENT & WANTON ENTRUSTMENT

17. Plaintiff Haynes re-asserts, re-alleges and incorporates by reference paragraphs 1 through 16 as if set out herein in full.

18. Plaintiff Haynes states that on or about November 16, 2015, Defendant HTS Express and/or Defendant JB Hunt negligently and/or wantonly entrusted a vehicle to its employee, Defendant Johnson.

19.     Plaintiff avers that Defendant Johnson's negligent and/or wanton conduct in the operation of said entrusted vehicle was the direct and proximate cause of the injuries and damages to Plaintiff Haynes.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Haynes demands judgment against Defendant HTS Express and/or Defendant JB Hunt in excess of the minimum jurisdictional limits set forth in 28 U.S.C. § 1332 in an amount to be determined by a jury plus costs of court.

### COUNT IV – NEGLIGENT HIRING, TRAINING & SUPERVISION

20.     Plaintiff Haynes re-asserts, re-alleges and incorporates by reference paragraphs 1 through 19 as if set out herein in full.

21.     Plaintiff maintains that on or about November 16, 2015, Defendant HTS Express and/or Defendant JB Hunt, its agents, and/or employees negligently and/or wantonly hired, failed to adequately train, and/or supervise its employee, Defendant Johnson, who operated Defendant HTS Express and/or Defendant JB Hunt's vehicle in a negligent and/or wanton manner causing damages and injuries to Plaintiff Haynes.

22.     The above-described negligent and/or wanton hiring, training, and supervising of Defendant Johnson combined and concurred to directly and proximately cause injuries and damages to Plaintiff Haynes.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Haynes demands judgment against Defendant HTS Express and/or Defendant JB Hunt in excess of the minimum jurisdictional limits set forth in 28 U.S.C. § 1332 in an amount to be determined by a jury plus costs of court.

*/s/ Robert L. Gorham*
Robert L. Gorham (ASB-0010-H66R)
Melissa C. Taylor (ASB-5881-M34C)
Attorneys for Plaintiff

OF COUNSEL:
**GORHAM & ASSOCIATES LLC**
517 Beacon Parkway West
Birmingham, Alabama 35209
(205) 943-9339 Office
(205) 943-9338 Facsimile
bgorham@gorhamandassociates.com
mtaylor@gorhamandassociates.com

## JURY DEMAND

Plaintiff demands trial by struck jury.

*/s/ Robert L. Gorham*
Robert L. Gorham

**PLEASE SERVE DEFENDANTS
VIA CERTIFIED MAIL AS FOLLOWS:**

John William Johnson, Jr.
1398 Will Kumlin Road
Desoto, WI 54624

HTS Express, LLC
c/o Gary Mead
5 Crescent Drive
New Cumberland, PA 17070

JB Hunt Transport Services, Inc.
c/o John Roberts
615 JB Hunt Corporate Drive
Lowell, AR 72745