UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JENNIFER LEIGH HAYNES, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 2:17-CV-1572-RDP |
| } | |
| JOHN WILLIAM JOHNSON, JR., et al., } | |
| } | |
| Defendants. } | |

**MEMORANDUM OPINION**

This matter is before the court on the Motion to Dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure filed by HTS Express LLC ("HTS Express"). (Doc. # 15). In its Motion, HTS Express contends that it should be dismissed from this action based on Rule 12(b)(5) due to improper service. (*Id.*). Specifically, HTS Express argues that that service was improper under the Pennsylvania Rules of Civil Procedure. (*Id.*). Plaintiff has filed a response opposing HTS Express's Motion (Doc. # 15). (Doc. # 22). For the reasons explained below, the Motion (Doc. # 15) is due to be denied.

**I. Background**

On September 14, 2017, Plaintiff filed this action in the Northern District of Alabama against John William Johnson, Jr., HTS Express LLC, and JB Hunt Transportation Services Inc. (Doc. # 1). The Complaint alleges that Plaintiff was involved in a multiple car wreck caused by a tractor trailer driven by John William Johnson, Jr. ("Johnson") on November 16, 2015. (*Id.* at ¶ 8.) It also alleges that Johnson was acting in the course and scope of his employer HTS Express at the time of the accident. (*Id.* at ¶ 9-10).

HTS Express is a Pennsylvania limited liability corporation. (*Id.* at ¶ 3). The Pennsylvania Secretary of State lists "5 Crescent Dr., New Cumberland, PA" as the registered agent address of HTS Express. (Doc. # 22-2 at p. 2). It does not include names of a registered agent, officers, or directors of HTS Express. (*Id.*). Plaintiff believes that Gary Mead ("Mead"), who resides in Pennsylvania, is the sole member of HTS Express. (Doc. # 1 at ¶ 3).

HTS Express's summons was returned unexecuted on October 10, 2017. (Doc. # 7). On November 8, 2017, counsel for Plaintiff contacted a Pennsylvania private investigator in attempt to have HTS Express personally served at the New Cumberland address. (Doc. # 22 at ¶ 6). The Pennsylvania private investigator later informed Plaintiff's counsel that the New Cumberland address was vacant. (*Id.* at ¶ 7).

Plaintiff's counsel then hired a private investigator in Birmingham, Alabama, to locate further information on HTS Express. (*Id.* at ¶ 8). The Birmingham private investigator found that Mead is the point of contact for HTS Express and found an address for Mead. (*Id.*). With this information, the Pennsylvania private investigator made multiple trips to Mead's address in attempt to serve HTS Express, but no one would answer the door. (*Id.* at ¶ 9). On December 19, 2017, Andrew Olsen ("Olsen"), who resides with Meade, answered the door and the summons and Complaint were left with him. (Docs. # 15 at p. 6; 22 at ¶ 9). HTS Express filed this instant motion on January 9, 2018. (Doc. # 15).

**II. Analysis**

"By definition, 'service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.'" *Prewitt Enterprises, Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921 (11th Cir. 2003) (quoting *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946)). "In

assessing the validity of service of process, 'the standards of proof governing motions to dismiss for lack of personal jurisdiction' are applicable." *Kammona v. Onteco Corp.*, 587 F. App'x 575, 578 (11th Cir. 2014) (quoting *Lowdon PTY Ltd. v. Westminster Ceramics, LLC*, 534 F. Supp. 2d 1354, 1360 (N.D. Ga. 2008)). The plaintiff bears the burden of establishing the validity of process on a Rule 12(b)(5) motion. *Prewitt Enterprises, Inc. v. Org. of Petroleum Exporting Countries*, 224 F.R.D. 497, 501 (N.D. Ala. 2002), *aff'd*, 353 F.3d 916 (11th Cir. 2003). Importantly, "[a] defendant's actual notice is not sufficient to cure defectively executed service." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

Rule 4(c) of the Federal Rules of Civil Procedure provides, "A summons must be served with a copy of the complaint . . . within the time allowed by Rule 4(m)." Rule 4(e)(1) explains that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." A corporation, partnership, or association within the United States may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1). Because Plaintiff filed this action in Alabama and service has been (or attempted to be) made in Pennsylvania, Plaintiff is entitled to follow Alabama, Pennsylvania, or federal law in effectuating service of HTS Express.[1] *See* Fed. R. Civ. P. 4(e)(1), 4(h).

---

[1] Because Plaintiff does not argue that HTS Express was properly served under Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure, the court will not address whether service was effectuated under this Rule.

### A. Service Was Not Effective under Alabama Law

Under Alabama law, a plaintiff may serve an artificial entity, including a limited liability company, "by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process." Ala. R. Civ. P. 4(c)(6). A plaintiff can serve an artificial entity by certified mail if the mailing is addressed to a proper human being who is affiliated with the entity as an officer, partner, or agent as described in Rule 4(c)(6). *See id.* at 4(i)(2)(B); *see also Ex parte LERETA, LLC*, 226 So. 3d 140, 145 (Ala. 2016) ("[S]ervice on a corporation or business entity cannot be perfected by certified mail addressed merely to the entity itself."); *Med-Call, Inc. v. Livingston*, 64 So. 3d 1051, 1054 (Ala. Civ. App. 2010) (explaining that a corporate defendant "could only have been served by providing a summons and a copy of the complaint to one of the persons specified in Rule 4(c)(6)"). Service by certified mail is effective when the mailing is delivered to the named addressee or the addressee's agent. *See* Ala. R. Civ. P. 4(i)(2)(C). Notably, "[a]n action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within time to avoid a default." *Id.*

Plaintiff appears to be arguing that the court should look at both Rule 4(c)(6) and Rule 4(i)(2) of the Alabama Rules of Civil Procedure to find that service upon HTS Express was effective. (Doc. # 22 at ¶ 13). However, Rule 4(c)(6) concerns service in person (which was how the summons and complaint was served), and Rule 4(i)(2) deals with service by certified mail. *Compare* Ala. R. Civ. P. 4(c)(6) *with* Ala. R. Civ. P. 4(i)(2). Plaintiff has not provided the court with authority under Alabama law indicating that service is sufficient when it is served on a co-habitant of a person authorized to receive service on behalf of an artificial entity. (*See* Doc. # 22). In fact, Alabama law suggests otherwise. *See, e.g.*, *LVNV Funding, LLC v. Boyles*, 70 So.

3d 1221, 1227 (Ala. Civ. App. 2009) (explaining that a plaintiff must prove that a corporation exercised a high degree of control over an alleged agent in order to establish that service on a corporation by service on an alleged agent was proper); *Johnson v. Champions*, No. CIV.A. 12-0334-WS-M, 2013 WL 275957, at *2 (S.D. Ala. Jan. 24, 2013) (finding that service on an artificial entity by certified mail was not effective when there was no evidence that the person who signed the certified mail receipt had authorization to receive the addressee's mail or deliver it to the addressee). As such, the court finds that Plaintiff has not upheld her burden in illustrating that service on HTS Express was effective under Alabama law. *See Prewitt Enterprises, Inc.*, 224 F.R.D. at 501.

### B. Service Was Not Effective under Pennsylvania Law

Rule 424 of Pennsylvania Rules of Civil Procedure provides,

> Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action: (1) an executive officer, partner or trustee of the corporation or similar entity, or (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Plaintiff has not provided any indication that Olsen was one of the persons listed in Rule 424. Accordingly, Plaintiff has also not upheld her burden in establishing that HTS Express was properly served under Pennsylvania law. *See Prewitt Enterprises, Inc.*, 224 F.R.D. at 501.

### C. Although Service Was Defective, Dismissal Is Not Warranted

Having found that Plaintiff's service on HTS Express was ineffective, the court now turns to HTS Express's Motion to Dismiss pursuant to Rule 12(b)(5) (Doc. # 15). "There is ample authority for the proposition that 'service generally will be quashed and the action preserved in

5

those situations in which there is a reasonable prospect that the plaintiff ultimately will be able to serve the defendant properly.'" *Jackson v. Vaughan Reg'l Med. Ctr.*, No. CIV.A. 09-0203-WS-B, 2009 WL 3242082, at *4 (S.D. Ala. Oct. 6, 2009) (quoting 5B Wright & Miller, Federal Practice & Procedure Civ.3d § 1354). In this case, the court finds that it is reasonable to believe that Plaintiff will be able to properly serve HTS Express. Therefore, Plaintiff will be given an opportunity to re-serve HTS Express on or before June 18, 2018.

## III. Conclusion

For the reasons explained above, the court finds that service of process on HTS Express on December 19, 2017 is due to be quashed; however, HTS Express's Motion to Dismiss pursuant to Rule 12(b)(5) (Doc. # 15) is due to be denied. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this April 2, 2018.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE